UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-199-GWU

SANDRA K. WARD, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff had previously filed <u>Ward v. Astrue</u>, London Civil Action No. 06-416-GWU, to appeal from the negative administrative decision on her application for Disability Insurance Benefits (DIB). After the undersigned's Memorandum Opinion, Order and Judgment of July 11, 2007 (Tr. 563-74), the case was returned to the agency for further vocational testimony, evaluation of the mental evidence, and consideration of medication side effects. (Tr. 572-4). Another negative administrative decision issued (Tr. 543-51) and the case is again before the court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir.

1

09-199  Sandra K. Ward

1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Crouch, 909 F.2d at 855.

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process.  Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless."  Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.  Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national

2

09-199  Sandra K. Ward

economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

3

contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

On remand, the ALJ obtained additional testimony from the plaintiff and considered updated medical records.  Although the focus of the court's remand had been the fact that a sit/stand option had been omitted from the ALJ's original hypothetical question, although his actual residual functional capacity (RFC) finding in the hearing decision had included such a restriction, along with a limitation to "light" level exertion with no bending or climbing of ladders, ropes, or scaffolds, no exposure to hazardous machinery, and a "limited but satisfactory" ability to respond

to stress, demonstrate reliability, and maintain attention and concentration (Tr. 21), no consistent hypothetical question was offered to the vocational expert (VE) at the new administrative hearing.  Instead, the ALJ presented a new hypothetical question asking whether the plaintiff could perform any jobs if she were capable of "medium" level exertion, with (1) no ability to climb ladders, ropes, or scaffolds; (2) an ability to occasionally climb ramps and stairs; (3) a need to avoid exposure to hazardous or vibrating machinery, dust, fumes, smoke and noxious gases; and (4) a limitation to low stress, simple 1-2 step instructions.  (Tr. 834-5).  The VE responded that there would be jobs that such a person could perform.  (Tr. 835).

On appeal, the plaintiff complains that it was error to increase the plaintiff's exertional level from "light" to "medium" without finding evidence of medical improvement.  The defendant responds that medical improvement was not a required finding under the holding of <u>Drummond v. Commissioner of Social Security</u>, 126 F.3d 837, 842-3 (6th Cir. 1997) since the Appeals Council vacated the original administrative decision on remand and there was no prior final decision to bind the ALJ.  The defendant is correct, but the ALJ's residual functional capacity finding still must be supported by substantial evidence.

Since the most recent ALJ decision contains no analysis of the various medical opinions and incorporates the evidence from the previous decision (Tr. 548), a review of the previous discussion is in order.

5

09-199  Sandra K. Ward

In the ALJ's original decision, his RFC was essentially consistent with the conclusions of a consulting physician, Dr. Robert Hoskins. (Tr. 441). The plaintiff's treating physician, Dr. Richard Stoltzfus, had indicated that the plaintiff was "probably" permanently disabled in 2005 (Tr. 159) and another treating source, Dr. Rachel Eubank, appeared to agree that the plaintiff should not be working in 2004 (Tr. 162). While these opinions were not entitled to complete deference since they apparently consider vocational factors outside a physician's expertise, they do not support either of the ALJ's RFCs. The ALJ discounted the opinion of one other consulting physician, Dr. David Muffly, who had also limited the plaintiff to light exertion but to no more than three hours of standing or walking in an eight-hour day (Tr. 235), because it was not supported by the entirety of the record. (Tr. 21). Also, Dr. Muffly was not entitled to greater weight than Dr. Hoskins, who also examined the plaintiff one time.

The only medical source who supports the ALJ's current RFC finding is a non-examining state agency reviewer, Dr. Jorge Baez-Garcia. (Tr. 374-81). However, his opinion was explicitly rejected by the ALJ in the 2006 decision. (Tr. 21). Moreover, this source conducted his review on January 20, 2005 before the report of Dr. Hoskins was received, and obviously before any of the evidence submitted after remand was available. While the opinion of a non-examining source may be entitled to greater weight than an examiner or even a treating source, the

6

non-examiner must have had the benefit of a review of the entire record and clearly explain the reasons for his difference of opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). See also Social Security Ruling (SSR) 96-9p. Clearly, the Baez-Garcia report falls far short of this standard. Since none of the new evidence submitted after remand contains any new functional capacity assessment by a medical source, whether examining or non-examining, the ALJ's RFC finding is not supported by substantial evidence.[1] No valid rationale has ever been advanced for discounting Dr. Hoskins.[2]

The ALJ also did not explicitly address the issue of the plaintiff's mental impairments as set out in the court's prior opinion. The court noted that a state agency reviewer, Dr. Ed Ross, had identified restrictions in the plaintiff's ability to be punctual, maintain regular attendance, and perform acts within a schedule. (Tr.

[1]The only new evidence about the plaintiff's exertional level submitted after remand was a functional capacity assessment conducted by a physical therapist in February, 2008. This source indicated that the plaintiff did not meet the criteria for either sedentary or light level employment. (Tr. 801). It appears that testing was not completed, partly due to complaints of pain but perhaps also due to elevated blood pressure. (Tr. 800-1). The ALJ declined to accept the results of the evaluation because he felt that the results were based on the plaintiff's subjective complaints and not supported by objective medical testing. (Tr. 548). As the Commissioner notes, an occupational therapist is not an acceptable medical source under the Commissioner's regulations. 20 C.F.R. § 404.1513. However, this evidence clearly does not support an increase in exertional capacity from that found by Dr. Hoskins, either.

[2]The ALJ must explain in his decision the weight given to “any opinions from treating sources, nontreating sources, and . . . nonexamining sources . . . .” 20 C.F.R. § 404.1527(f)(2)(ii) (2009).

09-199  Sandra K. Ward

406-8, 573).  She would also require only gradual changes in the workplace.  (Tr. 408).  The ALJ correctly noted that additional evidence from a psychiatrist at the Comprehensive Care Center in 2007 contained a Global Assessment of Functioning (GAF) score of 65, consistent with only mild symptoms or mild difficulty in social, occupational, or school functioning.  (Tr. 549, 607).  The ALJ stated that this diagnosis was inconsistent with a disabling mental impairment, but as the court previously noted, the mental restrictions, even if non-disabling by themselves, could have a significant vocational impact.[3]  Accordingly, a remand will be required for additional consideration of this issue as well.

Finally, the court noted in passing that a pain specialist had recommended limiting medication causing drowsiness as a side effect due to the plaintiff's complaints of unexpected episodes of falling. (Tr. 433). Side effects of medications is a factor to be considered under the Commissioner's regulations.  20 C.F.R. § 404.529(c)(3)(iv).  However, the plaintiff admitted at the most recent administrative hearing that her doctors did not know why she fell (Tr. 826) and it appears that the

---

[3]The Commissioner argues that the limitations set out by Dr. Ross in § I of his assessment are not actual functional conclusions.  The Sixth Circuit, while declining to specifically reach the issue in a recent decision, has held that a "streamlined" hypothetical question which does not reflect all the factors in § III of such an assessment inadequately describes a claimant's limitations.  <u>Ealy v. Commissioner of Social Security</u>, 2010 WL 394241 (6th Cir. February 5, 2010).  In the present case, the plaintiff's need for only gradual changes in the workplace is contained in § III and is clearly not contained in the hypothetical question.

09-199  Sandra K. Ward

only complaint she made to her treating physician about medication side effects was that "they (anti-depressants) all make her crazy" (Tr. 769).  Therefore, this issue was adequately explored on remand.

The decision will be remanded for further consideration.

This the 18th day of March, 2010.

Signed By:
*G. Wix Unthank*
**United States Senior Judge**